# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1304V
UNPUBLISHED

| | |
|---|---|
| ESMERALDA BARRERA,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Ida Nassar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 28, 2018, Esmeralda Barrera filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome (GBS) as a result of an influenza vaccine she received on September 20, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 11, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 12, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $110,799.25. Proffer at 2. Respondent further proffered that Petitioner should be awarded funds to satisfy a Minnesota Department of Human Services (MDHS) Medicaid lien in the amount of $2,873.34. *Id.* In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $110.799.25 in the form of a check payable to Petitioner.  I further award a lump sum payment of $2,873.34, representing compensation for satisfaction of the MDHS Medicaid lien, payable jointly to Petitioner and the MDHS**.  These amounts represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ESMERALDA BARRERA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 18-1304V <br> Chief Special Master Corcoran <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 28, 2018, Esmeralda Barrera ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barre Syndrome as a result of an influenza vaccine she received on September 20, 2016. Petition at 1. On September 10, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on September 11, 2019. ECF No. 24; ECF No. 26.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that Esmeralda Barrera should be awarded $100,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings. Therefore, respondent proffers that petitioner should be awarded past lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's lost earnings is $10,799.25. Petitioner agrees.

C.     Satisfaction of Medicaid Lien

Respondent further proffers that Esmeralda Barrera should be awarded funds to satisfy a Minnesota Department of Human Services ("MDHS") Medicaid lien in the amount of $2,873.34, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action MDHS may have against any individual as a result of any Medicaid payments that MDHS has made to or on behalf of Esmeralda Barrera from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about September 10, 2019, under Title XIX of the Social Security Act. Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

1)     A lump sum payment of $110,799.25 in the form of a check payable to petitioner.[1]

2)     A lump sum payment of $2,873.34, representing compensation for satisfaction of the MDHS Medicaid lien, payable jointly to petitioner and to:

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Minnesota Department of Human Services
PO Box 64994
St. Paul, MN 55164-0994
Memo: Esmeralda Barrera

Petitioner agrees to endorse this payment to Minnesota Department of Human Services.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Ida Nassar
IDA NASSAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4186

DATED: February 12, 2020